IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WOO, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PATRICK R. DONAHOE, | : | No. 12-1265 |
|     Defendant. | : | |

<u>MEMORANDUM</u>

Schiller, J.                                                                                                   October 16, 2013

      James Woo sued Patrick R. Donahue, Postmaster General of the United States Postal Service ("USPS" or "Defendant"), for disability-based employment discrimination. Woo filed his initial Complaint pro se, was briefly represented by counsel, and is currently proceeding pro se due to his counsel's withdrawal. At no point during the litigation did Woo seek discovery from Defendant or respond to Defendant's discovery requests. Now before the Court is Defendant's Motion to Dismiss for Failure to Prosecute or, in the Alternative, Motion for Summary Judgment. For the following reasons, the Court dismisses the case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

I.    **BACKGROUND**

    A.    **Factual History**

      Woo alleges that USPS fired him because of his disability, in violation of the Rehabilitation Act, 29 U.S.C. §§ 791, 794. Woo began working at USPS as a mail processing clerk in April 1987. (Am. Compl. ¶ 7.) In May 2010, after a period of extended absence which Woo asserts was due to illness and disability, Woo was fired. (*Id.* ¶ 23.)

In May 2009, Woo took a leave of absence from USPS due to pain from a back condition. (*Id.* ¶ 8.) Though Woo alleges that he provided USPS with a medical note saying that he was unable to work from May 16, 2009, to November 30, 2009, Woo received two letters from USPS in June 2009, noting his absence and stating that he needed to provide documentation of illness or injury. (*Id.* ¶¶ 9-11.) USPS sent Woo a notice of removal on September 23, 2009, and Woo's union representative and USPS subsequently negotiated an agreement whereby Woo would return to work, with no back pay, on January 23, 2010. (*Id.* ¶¶ 13-15.) On January 4, 2010, Woo visited a hospital and was diagnosed with vertigo. (*Id.* ¶ 16.) He asserts that his brother, Wing Woo, communicated with USPS officials regarding this new diagnosis in mid-January, and that Wing Woo provided USPS with documentation of the emergency room visit. (*Id.* ¶¶ 18-19.) Woo alleges that his brother requested that Woo be placed on leave without pay as a reasonable accommodation, but that USPS demanded that Woo return to work or be terminated. (*Id.* ¶ 20.) USPS sent Woo a notice of removal letter on April 8, 2010, and Woo was terminated in May 2010. (*Id.* ¶ 22-23.)

Woo asserts that, from approximately January 4, 2010, through October 7, 2010, he was "mostly confined to his bed suffering from vertigo[,] . . . unable to read any of his mail[,] and . . . unable to perform most if not all of his normal daily activities." (*Id.* ¶ 25.) Woo further alleges that he obtained a medical note from his treating physician stating that Woo was not fit to return to work until October 7, 2010. (*Id.* ¶ 28.) Woo filed an internal Equal Employment Opportunity (EEO) charge with USPS on approximately October 31, 2010, which was denied in December 2011. (*Id.* ¶ 3.)

## B. Procedural History

Woo commenced this action pro se on March 12, 2012, and attended a scheduling conference on October 4, 2012. Discovery was initially set to close on November 5, 2012, but was subsequently extended to December 5, 2012. Defendant made several attempts to communicate with Woo during September and October, including making several discovery requests and reminding Woo of his responsibility to respond, but Woo did not respond. On November 6, 2012, Defendant filed a motion to compel Woo to respond to its discovery requests and asked the Court to deem admitted Defendant's requests for admission, pursuant to Federal Rule of Civil Procedure 36(a)(3). The Court granted the motion, ordering Woo to respond to Defendant's discovery requests and deeming admitted Defendant's requests for admission.

Woo still did not respond to discovery requests from Defendant, but he wrote to the Court on December 13, 2012, with a request that the Court appoint Woo counsel from the employment lawyers panel. The next day, Defendant moved to dismiss the case for failure to prosecute, or in the alternative, for summary judgment. The Court denied Defendant's motion without prejudice. After some time, Defendant renewed the motion, and it was again denied without prejudice. In February 2013, the Court appointed an attorney for Woo, who filed the Amended Complaint in this matter on April 1, 2013. One month later, Woo's attorney moved to withdraw as counsel, citing a conflict with a position Woo desired to take, as well as fundamental disagreements with some of Woo's actions that rendered the representation unreasonably difficult. The Court granted the motion and denied Woo's subsequent request for a new attorney. As a result, Woo again proceeded pro se. In its Order of June 5, 2013, the Court set August 31, 2013, as the deadline to complete fact and expert discovery, and it again ordered Woo to respond to Defendant's discovery requests.

However, Defendant asserts that Woo did not engage in the discovery process at any point during this litigation. (Def.'s Mot. to Dismiss at 2-3.) Defendant asserts that Woo failed to make initial disclosures required by Federal Rule of Civil Procedure 26, respond to Defendant's interrogatories, produce documents, appear at scheduled depositions, or otherwise respond to Defendant's discovery requests. (*Id.*) Additionally, Woo did not seek any discovery from Defendant. (*Id.*) Defendant again renewed its Motion to Dismiss for Failure to Prosecute or, in the Alternative, for Summary Judgment on September 16, 2013, to which Woo responded.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that an action may be dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." The power of the court to dismiss for failure to prosecute is inherent and necessary to prevent undue delays in the disposition of cases and to avoid docket congestion. *Grogan v. Deb Shops, Inc.*, Civ. A. No. 93-3255, 1993 WL 465382, at *1 (E.D. Pa. Nov. 12, 1993) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)). Such dismissal is a "drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). Doubts regarding whether dismissal is an appropriate sanction should be resolved in favor of reaching a decision on the merits. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

Prior to granting a motion to dismiss for failure to prosecute, a court must undertake a *Poulis* analysis, which requires consideration of six factors. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The six *Poulis* factors that a court must consider are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the

failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim. *Poulis*, 747 F.2d at 868.

While pro se parties receive some leeway from the court, they cannot entirely disregard obligations imposed by court orders or the Federal Rules of Civil Procedures. *See Benckini v. Hawk*, 654 F. Supp. 2d 310, 316 n.1 (E.D. Pa. 2009); *Grogan*, 1993 WL 465382, at *1 (citation omitted); *Grosso v. Lublin*, Civ. A. No. 91-361, 1991 WL 160978, at *1 (E.D. Pa. Aug. 15, 1991).

## III. DISCUSSION

As explained below, all six *Poulis* factors weigh in favor of dismissing this case based on Woo's failure to prosecute his claim.

### A. Personal Responsibility

Though Woo was briefly represented by counsel, Woo failed to appear at his deposition or to respond to Defendant's discovery requests while he was a pro se litigant. (Def.'s Mot. to Dismiss at 2-3.) Woo received at least one copy of Defendant's discovery requests by hand delivery at the scheduling conference. Thus, he is personally responsible for the delay caused by this inaction. *See Wallace v. Graphic Mgmt. Assocs.*, 197 F. App'x 138, 141 (3d Cir. 2006). This factor weighs in favor of dismissal.

### B. Prejudice to the Defendant

Woo's lack of engagement with the discovery process prejudiced Defendant because Woo delayed the case and made it difficult for Defendant to prepare for trial. *See Wallace*, 197 F. App'x at 141; *Emerson*, 296 F.3d at 191. By not appearing at his deposition, answering

interrogatories, disclosing documents requested by Defendant, or providing any other information to Defendant beyond the allegations in his Complaint, Woo impeded Defendant's ability to develop a theory of the case or to prepare to try it. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) ("[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."). However, because there was no trial date set in this case, the prejudice suffered by Defendant much less severe than if the trial date was fast approaching. Additionally, Woo's non-responsiveness forced Defendant to make numerous extra, and ultimately unfruitful, attempts to encourage or remind Woo to comply with its requests, motions that the Court order Woo to comply with its requests, and notifications to the Court that Woo was not in compliance with its orders. Thus, Woo's inaction prejudiced Defendant by causing it to expend extra resources and by delaying the case. Accordingly, the second factor weighs slightly in favor of dismissal.

## C. History of Dilatoriness

Woo's pattern of consistently failing to participate in the discovery process establishes a history of dilatoriness. Dilatoriness can be inferred from consistent delay, "consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994); *Poulis*, 747 F.2d at 868. "[A] party's problematic acts must be evaluated in light of its behavior over the life of the case." *Adams*, 29 F.3d at 875. In this case, Woo has taken a limited number of affirmative acts. He filed the initial Complaint, attended the scheduling conference, twice requested an attorney, filed the Amended Complaint through his attorney, and filed an opposition to Defendant's instant motion. However, his disengagement from the discovery process has been consistent and absolute. Woo's engagement in other aspects of the litigation caused this Court to

6

twice deny without prejudice Defendant's motion to dismiss for failure to prosecute. However, litigation cannot proceed without discovery, and Woo has now consistently demonstrated that he is unwilling to engage in the discovery process. Thus, this factor weighs in favor of dismissal.

### D. Willfulness or Bad Faith

When a party's failure to properly and timely litigate a case is not properly excused or is not merely negligent, that party's failure to prosecute can be said to be the result of willfulness or bad faith. *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 695 (3d Cir. 1988); *see also Adams*, 29 F.3d at 875 ("Willfulness involves intentional or self-serving behavior."). Willfulness and bad faith may also be inferred when a party repeatedly fails to respond to discovery requests and to comply with court orders after it has been given ample opportunity to comply. *See Adams*, 29 F.3d at 875; *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 921 (3d Cir. 1992). It is unclear whether Woo's non-responsiveness is self-serving, and it was initially unclear whether Woo's initial failure to participate in discovery was the result of negligence or confusion. However, Woo responded to Defendant's instant motion without addressing or explaining his refusal to participate in discovery. Indeed, Woo has never offered any explanation for his failure to participate in discovery or comply with court orders. Thus, Woo's failure to engage in discovery is not properly excused and has not been corrected despite ample time and reminders from the Court. Woo's willful behavior weighs in favor of dismissal.

### E. Alternative Sanctions

When a litigant is represented by counsel, the most "direct and therefore preferable" sanction is to impose costs caused by the delay. *Poulis*, 747 F.2d at 869. In a pro se context, however, monetary sanctions may "not be an effective alternative." *Enigwe v. Gainey*, Civ. A. No. 10-684, 2011 WL 1335171, at *3 (E.D. Pa. Apr. 6, 2011) (quoting *Emerson*, 296 F.3d at

191). Pro se plaintiffs clearly lack attorneys on whom costs could be imposed under the Federal Rules of Civil Procedure, and such plaintiffs often lack the ability to pay monetary sanctions. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). Additionally, an alternative sanction such as precluding Woo from producing evidence regarding issues with respect to which he did not fairly engage in discovery would be futile. Because Woo was completely disengaged from the discovery process, this sanction would be tantamount to a dismissal because Woo would not be permitted to introduce any evidence. *See Hoxworth*, 980 F.2d at 922; *Curtis T. Bedwell & Sons, Inc.*, 843 F.2d at 695-96. Thus, the lack of reasonable alternative sanctions weighs in favor of dismissal.

  **F.** **Meritoriousness of the Claim**

  A claim is meritorious if the allegations of the pleadings would support recovery if established at trial. *Poulis*, 747 F.2d at 869-70. Given the lack of discovery in this case, however, it is difficult to assess the merits of Woo's claims. *See Lewis v. Silfies*, Civ. A. No. 10-29, 2012 WL 3641357, at *5 (E.D. Pa. Aug. 24, 2012). However, the Court has significant doubts about the meritoriousness of the case. Specifically, Defendant asserts that Woo failed to timely exhaust his administrative remedies, a condition precedent for filing this action. (Def.'s Mot. to Dismiss 9-10.) Pursuant to this Court's Order of November 7, 2012, the Court has accepted as admitted the fact that Woo's administrative filing was untimely. Though Woo asserted in his Complaint that the lateness was legally justified, he failed to provide evidence to this effect when responding to the Defendant's instant motion. As Woo bears the burden of demonstrating that his untimeliness was justified, *see* 29 C.F.R. § 1614.105(a)(2), this suggests that it would be difficult for Woo to ultimately prevail on his claim. Thus, the Court's doubts as to the meritoriousness of Woo's claim weigh slightly in favor of dismissal.

### G. Balancing the Factors

"The above factors should be weighed . . . in order to assure that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited." *Poulis*, 747 F.2d at 870. *Poulis* did not create a "magic formula" whereby a mechanical calculation is used to decide whether to dismiss a complaint, and not all six factors must be satisfied in order to dismiss. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "[I]t is the cumulative weighing of all factors in the context of the complete litigation history which leads the Court to its determination as to whether the action should be dismissed." *Milligan v. Davidson*, Civ. A. No. 95-7693, 1996 WL 680134 (E.D. Pa. Nov. 19, 1996). In this case, all six *Poulis* factors weigh in favor of dismissal. Woo's complete refusal to participate in discovery has repeatedly stalled this case, and the Court will now dismiss it in the interests of fairness and efficiency.

## IV. CONCLUSION

Woo's claim against Defendant is dismissed, pursuant to Federal Rule of Civil Procedure 41(b), due to Woo's failure to prosecute his claim. An Order consistent with this Memorandum will be docketed separately. This decision renders it unnecessary to address Defendant's alternative argument in favor of summary judgment.